HARRIET PERDUE v. I. K. DODD et als.

EXECUTION. *Duty of the officer.* The rule that an officer is not bound to execute void process, applies alone to the process in his hands, and does not authorize him to insist or show that the judgment awarding an execution is void.

FROM SUMNER.

Appeal in error from the Circuit Court of Sumner county. J. C. GUILD, J.

SEAY & BLACKMORE for Perdue.

J. J. VERTREES for Dodd et als.

TURNEY, J., delivered the opinion of the court.

On January 29, 1876, an execution in favor of the plaintiff and against W. A. Lovell, former sheriff, etc., and his securities, was issued to defendant Dodd, then sheriff of Sumner county, and who endorsed the date of its receipt on the execution. The following endorsements were also made, viz:

"I levied this execution on one grey horse mule as the property of I. C. Burton to satisfy the same this 24th Feb., 1876. J. T. Austin, Deputy Sheriff."

"Not having time to advertize and sell before the return day of the within process, I return the same for an order of sale this Feb. 26th, 1876. J. T. Austin, Deputy Sheriff."

A motion was made against the sheriff and his securities for judgment for the debt because of the

Perdue v. Dodd.

insufficiency of the return. The insufficiency is not seriously controverted, but it is argued that the judgment, to satisfy which the execution issued, is void. However this may be is immaterial in this action. The sheriff was merely a ministerial officer, and cannot be substituted to the rights of the defendants in the execution to contest the validity or regularity of the judgment. If they see proper to submit to the enforcement and collection of a void judgment, such election is of no concern to the sheriff. He cannot know, nor is it his province to inquire, what arrangements have been made between the principal (the defaulting officer) and his securities; for aught he knows, they may have seen there was no escape from liability, and agreed to pay the debt rather than submit to further litigation and costs, and the principal may have provided the security with the means of payment. The argument that the judgment being void, the security, if he pays it, will have nothing upon which to base a motion for judgment over, cannot avail the sheriff, who must look alone to the mandate in his hands. If the judgment awarding such mandate is void, that is a matter to be taken advantage of by the defendant in the execution, and it is no part of the duty of the sheriff to protect him. If the defendant is unwilling to pay, and take his chances for judgment over, he must, by proper proceedings, stay the execution process in the hands of the officer, if he do not, but allow his goods to be sold and the debt paid, he can only blame his own neglect of his rights.

The rule that an officer is not bound to execute void process, applies alone to the process in the hands ·of the officer, and has no relation to the proceedings in court awarding such process. In this case the execution was in all things formal, regular, and complete upon its face, and awarded by the judgment of a court of competent jurisdiction of the persons and ·subject matter, the sheriff was bound to obey it— there was in him no judicial authority to go behind it and pass upon the judgment—this was a matter alone for the courts, to be acted upon at the instance of the party aggrieved. Even allowing the judgment to be void, and that the sheriff could, on that account, justify or defend a failure or refusal to execute the *fi. fa.*, can he simply so determine without issue, or must he not make return of the fact of his conclusion? We think the latter would be the only course he could pursue. If he merely holds on to the execution, and fails to exercise that diligence required by law in the making of returns, he has certainly placed himself without the protection of the defense, and for stronger reason, in a case like the present, when he has not made such return, but on the contrary has impounded property sufficient *prima facie* to pay the debt, and the day passes when he should have been prepared to return, and when, as it appears, so far as we can see by this record, that the only cause of failure to properly execute and return was alone a want of diligence, and that the defense of the voidness of the judgment is altogether an afterthought, never suggesting itself until suit, based

Perdue *v.* Dodd.

upon such want of diligence, has been instituted against him, we certainly think he cannot avail himself of it. The party for whose benefit the execution issues is entitled to know why an officer fails to obey it. Such officer ought not and will not be allowed to return the writ with the endorsement of one reason for a failure to obey, and then rely upon another and wholly different one; he must rely upon the issue his return tenders, and must not be permitted to resort to another to cover misconduct in office, and protect himself against the penalty denounced by the law. If the execution be good on its face, but the judgment void, and the officer execute the process, he will be protected. This being so, it must necessarily follow that there is no obligation of any kind or character resting upon the officer to look behind the process; from this it must further follow that defendants in the process can only avoid it by proceeding against, not through, the officer before its execution.

Reverse the judgment. Judgment will be rendered here for plaintiff.